**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONY TAYLOR, JR., | ) | CASE NO. 1:21 CV 600 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OFFICER ROSS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Tony Taylor, Jr. filed this action under 42 U.S.C. § 1983 against Akron

Police Officer Ross, the Akron Police Department and Ken Babby, the owner of the Canal Park

Rubber Ducks Organization.  In the Complaint, Plaintiff alleges he and Officer Ross had a verbal

altercation that resulted in Plaintiff's arrest and prosecution.  He claims Ross violated his First,

Fourth, Eighth, Ninth, Fifth and Fourteenth Amendment rights.  He seeks monetary damages.

Plaintiff filed an Application to Proceed *In Forma Pauperis*.  That Application is granted.

## I.     Background

The Complaint in this action contains few facts.  Plaintiff alleges he and Ross had a

verbal altercation during a fireworks display at Canal Park on August 24, 2018.  The Complaint

does not contain many factual allegations.  Plaintiff states that at approximately 6:00 p.m., he

crossed over the perimeter of an area that was roped off for the ignition and fall out of the

fireworks.  He alleges Ross stopped him and blocked his exit from the restricted area.  At some

point, Ross arrested Plaintiff.  Plaintiff states he complained the handcuffs were too tight.  He

indicates Ross and other officers on the scene discussed the charges.  Plaintiff asserts that

Defendants violated his First, Fourth, Eighth, Ninth, Fifth and Fourteenth Amendment rights.

## II.      Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or

fact when it is premised on an indisputably meritless legal theory or when the factual contentions

are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon

which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual

allegations in the pleading must be sufficient to raise the right to relief above the speculative

level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at

555.  The Plaintiff is not required to include detailed factual allegations, but must provide more

than "an unadorned, the defendant unlawfully harmed me accusation."  *Iqbal*, 556 U.S. at 678.

A pleading that offers legal conclusions or a simple recitation of the elements of a cause of

action will not meet this pleading standard.  *Id*.  In reviewing a Complaint, the Court must

-2-

construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III.    Analysis

As an initial matter, the Akron Police Department is not a proper Defendant.   Police Departments are not *sui juris*, meaning they are not separate legal entities that can sue or be sued.  *See, e.g., Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding dismissal of claims against county sheriff's department was proper because "as the district court correctly noted, federal courts have held that, under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued").   They are merely subunits of the municipality they serve.  Plaintiff's claims against the Akron Police Department must be dismissed as it lacks the capacity to be sued.

Even if the claims against the Akron Police Department could be liberally construed as asserted against the City of Akron, the claims against this Defendant would be dismissed.  As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs*., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.  A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).  The Complaint contains very few factual allegations.  In fact, much of what transpired

between Plaintiff and Officer Ross is missing from Plaintiff's narrative.  The facts that are provided do not contain a suggestion of a custom or policy of the City of Akron which may have resulted in the deprivation of a federally protected right of the Plaintiff.

Similarly, Plaintiff has not included allegations against the owner of the Akron Rubber Ducks, Ken Babby.   Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The Complaint simply contains no facts which reasonably associate this Defendant to any of Plaintiff's claims.

Plaintiff's claims under the First and Ninth Amendments are not explained and there are no facts alleged from which the Court could reasonably infer a cause of action.  To meet minimum notice pleading requirements, he Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the factual grounds upon which they rest.  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  The Complaint does not contain enough facts to support these two causes of action.

Plaintiff's Fourth Amendment, Eighth Amendment, Fifth Amendment and Fourteenth Amendment claims are similarly vague.  It is possible he is referring to the tightness of his handcuffs and/or the officer's actions in blocking his exit as use of excessive force.  The Amendment that applies to the situation depends on the stage of the criminal process in which the incident occurred.  If the use of force occurred in the course of an arrest or other seizure of the Plaintiff, the Plaintiff's claim arises under the Fourth Amendment and its reasonableness standard.  *Graham v. Connor,* 490 U.S. 386, 395-96, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)*.  If

-4-

the Plaintiff was a pretrial detainee in jail when the incident occurred, the Fourteenth

Amendment would govern.  *Id*.  If the Plaintiff was a convicted prisoner at the time of the

incident, the Eighth Amendment sets the standard for an excessive force claim.  *Id.* at 395 n. 10,

109 S.Ct. 1865.

   The incident in this case occurred at the time of arrest so the Fourth Amendment standard

applies.  These excessive force claims are analyzed under an objective-reasonableness standard,

which depends on the facts and circumstance of each case viewed from the perspective of a

reasonable officer on the scene.  *Id*. An officer making an investigative stop or arrest has "the

right to use some degree of physical coercion or threat thereof to effect it."  *Id*. at 396.  "The

question we must ask is whether, under the totality of the circumstances, the officer's actions

were objectively reasonable."  *Miller v. Sanilac Cnty*., 606 F.3d 240, 251 (6th Cir. 2010)(citing

*Fox v. DeSoto*, 489 F.3d 227, 236-37 (6th Cir. 2007)).  "Not every push or shove, even if it may

later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."

*Graham,* 490 U.S. at 396.  The question whether force is excessive turns on the objective

reasonableness of the officer's conduct under the circumstances.  *Id.* at 397.

   Here, Plaintiff does not provide sufficient facts to state a claim for use of excessive force.

He states only that Ross blocked his exit and pushed his shoulder to keep him from leaving the

restricted area.  He alleges he told the officer the handcuffs were too tight.  He does not provide

any other facts regarding this incident.  Based on that limited information, there are not enough

facts to state a plausible claim for relief under the Fourteenth Amendment.

**IV.     Conclusion**

   Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is

granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

       IT IS SO ORDERED.


Date: September 2, 2021                      */s/ John R. Adams*
                                    JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.